UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-03345-JPH-MPB |
| ) | |
| SHERRY WILLSON, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Christopher Michael Johnson, a former inmate at Plainfield Correctional Facility ("Plainfield") brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that when he was confined at Plainfield, the defendants failed to provide him proper medication and medical care. The defendants have moved for summary judgment arguing that Mr. Johnson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. For the following reasons, the defendants' motion for summary judgment, dkt. [34], is **GRANTED**, and Mr. Johnson's motion for a settlement conference, dkt. [41] is **DENIED AS MOOT**.

I.
LEGAL STANDARD

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

1

that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II.
## BACKGROUND

### A. Offender Grievance Process

The Indiana Department of Correction ("IDOC") has a standardized offender grievance process. Dkt. 36-5 at 1-2. The grievance process is noted in the inmate handbook and is provided to inmates upon their arrival at Plainfield. *Id.* at 2. The purpose of the grievance process is to provide offenders committed to IDOC with a means of resolving concerns and complaints related to the conditions of their confinement. *Id*. Offenders may address complaints about medical treatment through the grievance process. *Id.* at 1.

Prior to April 1, 2020, the grievance process consisted of four stages: (1) attempting to informally resolve the grievance through officials at the facility; (2) submitting a formal grievance following unsuccessful attempts at informal resolutions; (3) submitting a written appeal to the facility Warden/designee; and (4) submitting a written appeal to the IDOC Grievance Manager. *Id.* at 2. Under the recently modified grievance process, offenders are no longer required to attempt informal resolutions before submitting a formal grievance. *Id*. at 3. Successful exhaustion of the grievance procedure includes timely pursuing each step or level of the formal process. *Id*.

### B. Mr. Johnson's Participation in the Grievance Process

On August 14, 2019, Mr. Johnson filed two unsuccessful grievances regarding a move within the facility and his legal mail. Dkt. 36-5 at 4. These grievances were received and returned due to insufficient information and failure to seek informal resolution. *Id*. Mr. Johnson filed additional formal grievances which were again returned to him for different reasons, including failing to submit documentation showing that he tried to informally resolve matters prior to filing a formal grievance, submitting a grievance on behalf of another individual, and failing to grieve the issue within the timeframe listed within the offender grievance policy. *Id*. at p. 4-6.

On August 27, 2019, Mr. Johnson submitted a formal grievance regarding prescription medication. *Id.* at 4-6. On September 10, 2019, Mr. Johnson filed another formal grievance regarding prescription medication, his need for a wheelchair, and his need to see an orthopedic specialist. *Id*. These two grievances were returned to him for failure to comply with the requirements laid out in the Offender Grievance Policy. *Id*.

Mr. Johnson did not file an appeal for any of the grievances. *Id*. at 6.

### III.
### DISCUSSION

The defendants argue they are entitled to summary judgment because Mr. Johnson failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a lawsuit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function

effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

The defendants argue that the undisputed evidence demonstrates that Mr. Johnson failed to exhaust his administrative remedies because he did not file any grievance appeals as required under the grievance policy before filing this action. *See* dkts. 35; 35-6 at 5-6; 39 at 2-3. In response, Mr. Johnson makes the conclusory assertion that he "did follow the Administrative Procedure," dkt. 38 at 1, and attaches as exhibits multiple healthcare forms, *see* dkts. 38-1; 38-2. Mr. Johnson does not contend that he was not provided with a copy of the IDOC grievance policy, that he was unaware of the four steps of the IDOC grievance policy, or that the grievance process was unavailable to him. *See generally* dkt. 38.

Based on the undisputed designated evidence, the Court finds that Mr. Johnson has failed to demonstrate that he completed the four steps of the IDOC grievance process with respect to any of the claims alleged in this action. Accordingly, Mr. Johnson failed to exhaust his available administrative remedies prior to bringing this action, and his claims must be dismissed without

4

prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

## IV.
## CONCLUSION

For the reasons explained above, the defendants' motion for summary judgment, dkt. [34], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**. The plaintiff's motion for a settlement conference, dkt. [41], is **DENIED AS MOOT**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 2/10/2021

                                                        James Patrick Hanlon
                                                        United States District Judge
                                                        Southern District of Indiana

Distribution:

CHRISTOPHER MICHAEL JOHNSON
795224
Grayson Co. Detention Center
320 Shaw Station Road
Leitchfield, KY 42754

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Rachel D. Johnson
KATZ KORIN CUNNINGHAM, P.C.
rjohnson@kkclegal.com